IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CRAIG GERARD WILLIAMS,   §
TDCJ #787217,            §
                         §
        Plaintiff,       §
                         §
v.                       §         CIVIL ACTION NO. H-17-1150
                         §
STATE OF TEXAS DEPARTMENT §
OF CRIMINAL JUSTICE,     §
                         §
        Defendant.       §

## MEMORANDUM OPINION AND ORDER

The plaintiff, Craig Gerard Williams (TDCJ #787217), is presently incarcerated by the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Williams has filed a Prisoner Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1), challenging the validity of his continued confinement pursuant to a state court judgment of conviction. Williams has also filed an Application to Proceed In Forma Pauperis (Docket Entry No. 2). Because Williams is incarcerated, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). After reviewing all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I. **Background**

Williams is currently serving four concurrent 50-year terms of imprisonment as the result of several convictions entered against him on May 13, 1997, for aggravated sexual assault of a child (three counts) and indecency with a child (one count).[1] Those convictions were affirmed on appeal in an unpublished opinion.[2] In 2012, Williams sought habeas relief under 28 U.S.C. § 2254, but his petition was dismissed with prejudice as barred by the governing one-year statute of limitations on federal review.[3] The Fifth Circuit denied a certificate of appealability from that decision in 2014.[4]

On April 4, 2017, Williams executed his Complaint under 42 U.S.C. § 1983, challenging his continued confinement and the validity of the convictions entered against him in 1997.[5] Williams appears to claim that he is "innocent" and would not have been convicted but for the fact that a "crucial" witness for the defense

---

[1]Offender Information Detail, Texas Department of Criminal Justice, available at http://offender.tdcj.texas.gov (last visited April 17, 2017).

[2]Williams v. State, Nos. 14-97-00569-CR, 14-97-00572-CR, 14-9700575-CR, 14-97-00576-CR, 1999 WL 966647 (Tex. App. — Houston [14th Dist. Oct. 21, 1999), pet. ref'd).

[3]Williams v. Thaler, No. H-12-0558, 2012 WL 12871880 (S.D. Tex. Dec. 5, 2012).

[4]Williams v. Stephens, 555 F. App'x 439 (5th Cir. Feb. 20, 2014).

[5]Complaint, Docket Entry No. 1, pp.5-6.

was a "no show" at trial.[6] Alleging that his constitutional rights have been "intentionally and blatantly violated to keep him incarcerated," Williams seeks $9,500,000.00 in compensatory damages and his immediate release from custody.[7]

## II.  **Discussion**

Williams plainly seeks monetary damages under 42 U.S.C. § 1983 for his wrongful conviction and imprisonment.  It is well established that a civil rights plaintiff may not recover damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," without first proving that the challenged conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994).  A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983.  Id.  In other words, if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction

---

[6]Id. at 6.

[7]Id. at 4.

-3-

or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. Id.

As Williams appears to concede in his pleadings, his federal habeas corpus proceeding was unsuccessful and the challenged convictions have not been set aside or invalidated. Because Williams does not demonstrate that his convictions have been invalidated, his civil rights claims are not cognizable under 42 U.S.C. § 1983 and his Complaint must be dismissed with prejudice. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by Heck are "dismissed with prejudice to their being asserted again until the Heck conditions are met"). Accordingly, this case will be dismissed as legally frivolous for purposes of 28 U.S.C. § 1915A(b).

### III.  Conclusion

Based on the foregoing, the court **ORDERS** as follows:

1.  The Complaint filed by Craig Gerard Williams (Docket Entry No. 1) is **DISMISSED with prejudice** as legally frivolous. The dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

2.  The Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.

3. The TDCJ Inmate Trust Fund is **ORDERED** to deduct funds from the trust account of Craig Gerard Williams (TDCJ #787217) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($350.00) has been paid.

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff. **The Clerk will also provide a copy by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, fax: 936-437-4793; and (3) the Manager of the Three-Strikes List for the Southern District of Texas.**

**SIGNED** at Houston, Texas, on this *10th* day of *April*, 2017.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE